UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| WILLIE EDWARDS, JR., )  | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CAUSE NO. 2:06-CV-26 AS |
| ) | |
| FEDERAL GOVERNMENT, ) | |
| ) | |
| Respondent. ) | |

## OPINION AND ORDER

On March 21, 2006, Mr. Edwards filed a Notice of Appeal which the court construes as a Petition for Certificate of Appealability ("CA"). When applying for a CA, a petitioner must make "a 'substantial showing of the denial of a federal right.'" *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983). Congress codified the Barefoot standard at 28 U.S.C. § 2253, see *Slack v. McDaniel*, 529 U.S. 473, 475 (2000), in order to prevent frivolous appeals from delaying a state's ability to impose sentences. *Barefoot*, 463 U.S. at 892. The court's discretion on whether to grant or deny a CA is the best vehicle of separating meritorious from frivolous appeals. *Id*. at 893. A petitioner is not required to show that he would prevail on the merits, but he must show that the issues presented in his habeas petition are "debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are 'adequate to deserve encouragement to proceed further.'" *Id*. at 893 n.4 (citations omitted) (emphasis added).

Mr. Edwards's petition was dismissed because it was not filed within the one year statute of limitations. 28 U.S.C. § 2244(d)(1). Mr. Edwards was convicted on January 13,

1984 and sentenced to serve six years. Since this date was before the effective date of the statute of limitations, he had until April 24, 1997, within which to file a federal habeas petition. 28 U.S.C. § 2244(d)(2); *Newell v. Hanks*, 283 F.3d 827, 833 (7th Cir. 2002). Although he indicates he filed a direct appeal, it is unclear when the appeal concluded. He filed a state court post conviction petition on October 17, 2003, but that petition was filed more than seven years after the statute of limitations had run. 28 U.S.C. § 2244(d)(2); *Newell v. Hanks*, 283 F.3d at 833. Pursuant to 28 U.S.C. § 2244(d)(1)(A), Mr. Edwards had one year from the "expiration of the time for seeking (direct) review" to file his habeas petition. His petition challenging this conviction, even though it was used to enhance a subsequent federal conviction, is untimely.

In short, none of the issues presented to the court in the application for certificate of appealability make a substantial showing of the denial of a constitutional right or present questions that are debatable among jurists of reason. *See Kraushaar v. Flanigan*, 45 F.3d. 1040 (7th Cir. 1995). Accordingly, petitioner's application for a certificate of appealability pursuant to Fed. R. App. P. 22(b) is hereby **DENIED** because the petitioner has not made a substantial showing of the denial of a Constitutional right. The court advises the petitioner that pursuant to Fed. R. App. P. 22(b), where the district judge denies a certificate of appealability, "the applicant for the writ may then request issuance of the certificate by a circuit judge."

SO ORDERED.
ENTERED: May 4, 2006

             S/ ALLEN SHARP
             ALLEN SHARP, JUDGE
             UNITED STATES DISTRICT COURT